United States District Court
Southern District of Texas

**ENTERED**

August 05, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA LUCIA PEROZO-REYES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-1117 |
| | § | |
| ORLANDO PEREZ *et al.* | § | |

### ORDER

Petitioner, a Venezuelan national, was ordered removed to Ecuador pursuant to "the asylum cooperative agreement" in place with that country (Dkt. No. 9-2 at 1; 9-3 at 4). Petitioner made clear she is not challenging the validity of the removal order; rather, she portrays her detention, pending her deportation, as unconstitutionally prolonged (Dkt. No. 10 at 1 ("This case challenges continued immigration detention, not the validity of the underlying removal order.")). She further declared Respondents had no evidence Ecuador would accept her (Dkt. No. 10 at 2). She requests her immediate release (Dkt. No. 1 at 8).

On August 5, 2026, Respondents advised they intended to deport Petitioner pursuant to her final order of removal (Dkt. No. 11). However, their notice omits a crucial fact: the specific country to which they intend to remove Petitioner. Though only Ecuador was designated for her removal, it is feasible Respondents aim to repatriate Petitioner to Venezuela, or send her to a third country, given the rise in attempted third-country removals. *Surovtsev v. Noem*, No. 1:25-CV-160-H, 2025 WL 3264479, at *8 (N.D. Tex. Oct. 31, 2025) (highlighting the "new administration's well-known sea change in the area of third-country removals").

Respondents are therefore **ORDERED** to supplement their notice and specify the

1

country for removal, no later than **August 6, 2026, at 3:00 p.m**.

It is so **ORDERED**.

**SIGNED** August 5, 2026.

Marina Garcia Marmolejo
United States District Judge